UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. COVERT and LUDWIGA E. COVERT, <br><br> Plaintiffs, <br><br> v. <br><br> BOB AND BRAD, LLC, and others, <br><br> Defendants. | Case No. 25-cv-06936 NC <br><br> **ORDER TO DEFENDANTS TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED BACK TO STATE COURT FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION** <br><br> Re: ECF 1 |

Defendants Bob and Brad, LLC, Robert Schrupp, and Brad Heineck removed this civil case to this court from Santa Clara County Superior Court on August 15, 2025. ECF 1. This Order requires the Defendants to "show cause" by filing a written response by August 29, 2025, explaining why the case should not be remanded back to Superior Court for lack of federal subject matter jurisdiction.

The federal courts are courts of "limited jurisdiction" and only have jurisdiction as authorized by the Constitution and Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The party seeking to invoke federal court jurisdiction (here, the Defendants) has the burden of establishing that federal subject matter jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). The Court must presume a lack of jurisdiction until the party asserting jurisdiction establishes otherwise. *Id.*

In the removal notice, Defendants assert that federal subject matter jurisdiction is fulfilled through "diversity jurisdiction" under 28 U.S.C. § 1332. Removal Notice, ECF 1 ¶ 14. "Diversity jurisdiction" under 28 U.S.C. § 1332 requires complete diversity of citizenship between each plaintiff and each defendant and the "amount in controversy" in the suit also must exceed $75,000.

Defendants claim that there is diversity of citizenship because Plaintiffs are citizens of California, while Defendant Heineck is a resident of Wisconsin; Defendant Schrupp is deceased and was a resident of Minnesota; Defendant Bob and Brad, LLC is a corporation organized and with its principal place of business in Minnesota; and Defendant Flige Products, LLC is a corporation organized and with its principal place of business in Colorado. Removal Notice ¶¶ 2-6. But "for the purposes of diversity . . . an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendants must provide information on the citizenship of the owners/members of Bob and Brad, LLC and Flige Products, LLC for this Court to be able to assess whether complete diversity exists.

The Removal Notice does provide sufficient information to establish that the amount in controversy threshold is satisfied. Removal Notice ¶ 13.

If a case removed from state court lacks subject matter jurisdiction, then the federal court must remand it back to state court. 28 U.S.C. § 1447(c). An order remanding may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c).

In conclusion, Defendants have not established that federal subject matter jurisdiction is satisfied because they provide the incorrect test for citizenship of an LLC and do not provide sufficient facts. This Order requires the Defendants to "show cause" by filing a written response by August 29, 2025, explaining why the case should not be remanded back to Superior Court. Plaintiffs may respond by September 5, 2025.

1
2       **IT IS SO ORDERED.**
3
4    Dated: August 21, 2025                    _____
5                                               NATHANAEL M. COUSINS
                                                United States Magistrate Judge

3